SUSAN JANE M. BROWN (OSB #054607)
SILVIX RESOURCES
4107 NE Couch St.
Portland, OR 97232
(503) 680-5513
sjb@silvix.org

*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**EUGENE DIVISION**

| | |
|---|---|
| **CASCADIA WILDLANDS**, <br><br> *Plaintiff,* <br><br> vs. <br><br> **DOUG BURGUM,** Secretary of the United States Department of the Interior; **U.S. DEPARTMENT OF THE INTERIOR; STEVE PEARCE**, Director of the United States Bureau of Land Management; and **BUREAU OF LAND MANAGEMENT**, <br><br> *Defendants.* | Civ. Case No. 6:26-cv-1262 <br><br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** <br><br> (Violation of the Administrative Procedure Act, 5 U.S.C. §§ 701 et seq.) |

**INTRODUCTION**

1.      This case concerns the federal government's unlawful approval of timber harvest in western Oregon.

2.      The Department of Interior, through the Bureau of Land Management (BLM), manages approximately 245 million acres of public lands, including 2.6 million acres of public lands in western Oregon subject to the Oregon and California Revested Lands Sustained Yield Management Act of 1937, 43 U.S.C. §§ 2601–2605.

3.      BLM's authorization of timber harvest, including the Aloha Trout Forest

Management Project, is contrary to law because BLM did not authorize this timber harvest pursuant to a valid land use plan in effect at the time of approval, as federal law requires.

4.      Under the Federal Land Policy and Management Act (FLPMA), BLM may approve timber harvest from its lands only pursuant to a valid resource management plan (RMP).

5.      While FLPMA requires the agency to develop resource management plans (RMPs), other laws also interface with and determine the legal validity of RMPs.

6.      For the purposes of this litigation, one of those laws is the Congressional Review Act (CRA), 5 U.S.C. §§ 801-808 (1996), which requires BLM to submit to Congress for approval or disapproval "rules" as defined by the Administrative Procedure Act (APA).

7.      Pursuant to the CRA, Congress may invalidate submitted rules by a joint resolution of both houses of Congress that is subsequently signed by the President.

8.      Congress recently passed CRA disapproval resolutions for several RMPs – after the Government Accountability Office (GAO) concluded that the RMPs constituted rules in reasoning that would apply to any and all RMPs – and the President signed the CRA resolutions into law.

9.      As such, RMPs are "rules" for the purpose of the CRA.

10.     Rules that are not submitted to Congress for approval or disapproval are legally invalid.

11.     There are no valid RMPs in effect for public lands in western Oregon because Defendants have never submitted any RMP for these lands to Congress pursuant to the CRA.

12.     The last valid RMP for public lands in western Oregon is the Northwest Forest Plan, approved by BLM in 1994, two years before the enactment of the CRA in 1996.

13.     Because the RMPs applicable to western Oregon BLM-managed lands were never

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF, *Cascadia Wildlands v. Burgum et al.*, Civ. Case No. 6:26-cv-1262

2

SILVIX RESOURCES
4107 NE Couch Street
Portland, Oregon 97232

submitted to Congress as required by the CRA, every permit, lease, right of way, and other authorization – including timber sales, contracts, and related development authorizations such as the Aloha Trout Forest Management Project in western Oregon – is likewise *void ab initio*.

14.    These authorizations and actions are unlawful agency actions under the APA because they violate FLPMA's basic requirement that BLM undertake land management actions, including timber harvest, pursuant to a valid RMP.

15.    Plaintiff asks this Court to declare unlawful and set aside the Northwestern and Coastal Oregon Resource Management Plan (NW&CO RMP) and its subsequent unlawful authorizations, particularly the Aloha Trout Forest Management Project authorized pursuant to the *void ab initio* NW&CO RMP.

**JURISDICTION AND VENUE**

16.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); § 2201 (authorizing declaratory relief); § 2202 (authorizing injunctive relief); and 5 U.S.C. § 702 (providing for judicial review of agency action under the APA).

17.    Venue in this court is proper under 28 U.S.C. § 1391 because all or a substantial part of the events or omissions giving rise to the claims herein occurred within this judicial district. The BLM official who authorized and approved the Aloha Trout Forest Management Project is headquartered in Salem, Oregon, which is located within this district. Plaintiff has offices within this district.

18.    This case is properly filed in Eugene, Oregon pursuant to Local Rule 3, because the Mary's Peak Field Office of the Salem District is located in Marion County, Oregon, and the

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, *Cascadia Wildlands v. Burgum et al.*, Civ. Case No. 6:26-cv-1262

SILVIX RESOURCES
4107 NE Couch Street
Portland, Oregon 97232

Aloha Trout Forest Management Project is located in Marion County, Oregon.

## PARTIES

19.     Plaintiff CASCADIA WILDLANDS is an Oregon non-profit organization based in Eugene, Oregon. Representing over 6,000 members and supporters, Cascadia Wildlands is devoted to the conservation of the Cascadia Bioregion. Cascadia Wildlands uses a combination of education, organizing, outreach, litigation, advocacy, and collaboration to defend wild places and promote sustainable, restoration-based forestry. Cascadia Wildlands' members use the Aloha Trout planning area for a variety of professional and personal pursuits including viewing threatened and endangered species. Implementation of the void NW&CO RMP and the Aloha Trout Forest Management Project irreparably harm the interests of Cascadia Wildlands and its members.

20.     Plaintiff has been adversely affected and will be irreparably harmed by BLM's actions and authorizations under the challenged NW&CO RMP. Plaintiff's injuries are actual and concrete and would be remedied by the relief sought in this case.

21.     Defendant DOUG BURGUM is the Secretary of the United States Department of the Interior, the highest-ranking official in the Department of the Interior. Secretary Burgum oversees timber harvest and other authorizations on federal and tribal lands and is responsible for actions and authorizations under the NW&CO RMP challenged here. Plaintiff sues Secretary Burgum in his official capacity.

22.     Defendant the U.S. DEPARTMENT OF THE INTERIOR is an executive branch Department and is the parent agency of the Bureau of Land Management.

23.     Defendant STEVE PEARCE is the Director of the United States Bureau of Land Management, the highest-ranking official in the Bureau of Land Management. Plaintiff sues

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF, *Cascadia Wildlands v.
Burgum et al.*, Civ. Case No. 6:26-cv-1262

SILVIX RESOURCES
4107 NE Couch Street
Portland, Oregon 97232

Defendant Pearce in his official capacity.

24.    Defendant the BUREAU OF LAND MANAGEMENT is a subagency within the Department of the Interior. The Secretary has delegated to the Bureau of Land Management the day-to-day management of federal lands.

## BACKGROUND

### The Federal Land Policy and Management Act of 1976

25.    The Federal Land Policy and Management Act of 1976 (FLPMA), 43 U.S.C. §§ 1701–1782, directs BLM to develop, maintain, and when appropriate, revise "land use plans which provide by tracts or areas for the use of the public lands. Land use plans shall be developed for the public lands regardless of whether such lands previously have been classified, withdrawn, set aside, or otherwise designated for one or more uses." 43 U.S.C. § 1712(a).

26.    BLM land use plans are referred to as "resource management plans" or "RMPs," which establish goals and objectives to guide BLM's land and resource management actions.

27.    RMPs govern all uses on public lands under BLM's jurisdiction. 43 U.S.C. § 1732; 43 C.F.R. § 1601.0-2.

28.    The Secretary's management of public lands must be "in accordance with the land use plans developed by him." 43 U.S.C. § 1732.

29.    FLPMA's implementing regulations likewise provide that "all future resource management authorizations and actions...shall conform to the approved plan." 43 C.F.R. § 1610.5-3(a).

30.    Accordingly, all BLM resource management actions, permits, leases, rights of way, and other authorizations – including timber sales, contracts, and related development

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF, *Cascadia Wildlands v.
Burgum et al.*, Civ. Case No. 6:26-cv-1262

5

SILVIX RESOURCES
4107 NE Couch Street
Portland, Oregon 97232

authorizations – must be undertaken in accordance with a valid RMP.

*The Congressional Review Act*

31.     Congress enacted the Congressional Review Act (CRA), 5 U.S.C. §§ 801-808, in 1996 to promote transparency and accountability in the federal regulatory process and to provide democratically-elected representatives with oversight over agency rulemaking. The CRA provides Congress with a mechanism for review of and disapproval authority over new rules.

32.     The CRA defines "rule" to include any "agency statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy." 5 U.S.C. §§ 551(4), 804(3).

33.     The CRA adopts the APA's definition of "rule," which provides that a covered "rule" includes "the whole or a part of an agency statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy or describing the organization, procedure, or practice requirements of an agency." 5 U.S.C. §§ 551(4), 804(3).

34.     The CRA prescribes mandatory procedures for agencies to follow when issuing new "rules."

35.     The CRA requires that "*Before a rule can take effect*, the Federal Agency promulgating such rule *shall submit* to each House of the Congress and to the Comptroller General [of the Government Accountability Office (GAO)] a report containing" a copy of the rule, the rule's proposed effective date, and "a concise general statement relating to the rule," along with other information. 5 U.S.C. § 801(a)(1)(A) (emphasis added).

36.     Under the CRA, an agency's failure to submit a rule to Congress as required carries a clear consequence: the rule cannot "take effect." 5 U.S.C. § 801(a)(1)(A).

6

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF, *Cascadia Wildlands v.
Burgum et al.*, Civ. Case No. 6:26-cv-1262

SILVIX RESOURCES
4107 NE Couch Street
Portland, Oregon 97232

37.    Congress may review a rule only once a rule has been submitted to it. 5 U.S.C. § 802(a).

38.    After the rule is submitted, each House of Congress can, if it disagrees with the rule, adopt a "joint resolution of disapproval" through expedited procedures. 5 U.S.C. §§ 801(b)(1), 802(a) (providing that a joint resolution may only be introduced in the period beginning "on the date on which the report . . . is received by Congress" and ending 60 legislative days thereafter).

39.    An agency's failure to submit a rule under the CRA prevents Congress from exercising its oversight and legislative functions.

40.    If both Houses of Congress pass a joint disapproval resolution, it is presented to the President for his signature. *See* 142 Cong. Rec. S3683.

41.    If both chambers pass, and the President signs, a joint resolution of disapproval, the CRA provides that the agency rule "shall not take effect." 5 U.S.C. § 801(b).

42.    The CRA exempts from its requirements only three categories of rules: (1) rules of particular applicability; (2) rules relating to agency management or personnel; and (3) rules of agency organization, procedure, or practice that do not substantially affect the rights or obligations of non-agency parties. 5 U.S.C. § 804(3).

43.    RMPs do not fall into any of the three numerated categories of rules that are excepted from the reach of the CRA.

44.    RMPs that have not been submitted to Congress pursuant to the CRA are legally invalid, 5 U.S.C. § 801(a)(1)(A), which means that each and every authorization – including timber sales, contracts, and related development authorizations – pursuant to those RMPs is also invalid.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF, *Cascadia Wildlands v.
Burgum et al.*, Civ. Case No. 6:26-cv-1262

SILVIX RESOURCES
4107 NE Couch Street
Portland, Oregon 97232

45.     Under the APA, the legal effect of declaring unlawful and vacating an unlawful agency action is that the action is "treated as though it had never happened" *Griffin v. HM Fla.-ORL, LLC*, 144 S. Ct. 1, 2 (2023) (Statement of Kavanaugh, J.).  In other words, the agency action is "formally nullif[ied] and revoke[d]." *Data Mktg. P'ship, LP v. Dep't of Lab.*, 45 F.4th 846, 859 (5th Cir. 2022).

***Resource Management Plans are CRA Rules***

46.     Land management agencies including BLM have historically not submitted RMPs or other land or resource management plans to Congress, taking the position that such plans are not "rules" for CRA purposes.

47.     But Congress has requested opinions from GAO regarding whether  RMPs are rules under the CRA, and thus subject to the CRA review process.

48.     For example, GAO determined that RMPs meet the CRA's definition of a "rule," because: (i) each RMP is "an agency statement as it was issued by BLM"; (ii) each RMP is "of future effect as it is to be used prospectively to guide the management of the [relevant] planning area and later site-specific projects"; and (iii) each RMP "implements, interprets, or prescribes law or policy because it prescribes and implements a consolidated direction under one plan to address land and resource use and development on BLM-managed public lands within the planning area in accordance with FLPMA." *See*, U.S. Gov't Accountability Off., *Applicability of the Congressional Review Act to Central Yukon Record of Decision and Approved Resource Management Plan*, B-337200, at 5-6. (June 25, 2025); *accord* U.S. Gov't Accountability Off., *Applicability of the Congressional Review Act to North Dakota Field Office Record of Decision and Approved Resource Management Plan*, B-337175 (June 25, 2025); U.S. Gov't Accountability Off., *Applicability of the Congressional Review Act to*

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF, *Cascadia Wildlands v.
Burgum et al.*, Civ. Case No. 6:26-cv-1262

SILVIX RESOURCES
4107 NE Couch Street
Portland, Oregon 97232

*Miles City Field Office Record of Decision and Approved Resource Management Plan Amendment*, B-337163 (June 25, 2025).

49.    GAO further advised Congress that RMPs and RMP amendments must "be submitted to Congress and the Comptroller General before [they] can take effect," meaning that RMPs that have not been submitted to Congress for review under the CRA are not, and have not been, legally effective. GAO, B-337200, at 11.

50.    Based on GAO's opinions, Congress deemed the RMPs to be rules for purposes of the CRA, and each chamber voted in favor of disapproval resolutions for at least three RMPs. H.R.J. Res. 104, 119th Cong. (2025); H.R.J. Res. 105, 119th Cong. (2025); H.R.J. Res. 106, 119th Cong. (2025); S.J. Res. 61, 119th Cong. (2025); S.J. Res. 62, 119th Cong. (2025); S.J. Res. 63, 119th Cong. (2025).

51.    On December 11, 2025, the President signed all three CRA resolutions. *Congressional Bills H.J. Res. 104, 105, 106, 130 and 131 Signed into Law*, The White House (Dec. 11, 2025), https://perma.cc/2A34-QV3F/. In signing these resolutions, the President necessarily agreed with Congress's view that the RMPs were "rules" covered by the CRA.

52.    These Resolutions of Disapproval make clear that Congress has determined that RMPs are "rules" subject to the CRA. *See, e.g.*, H.R. J. Res. 104, 119th Cong. (2025) (disapproving of the RMP as a "rule," and relying on the GAO opinion "concluding that such...resource management plan [] is a rule under the Congressional Review Act").

53.    The CRA is clear that "[b]efore a rule can take effect," an agency must submit the rule to Congress under the CRA's statutory review procedures. 5 U.S.C. § 801(a)(1)(A).

54.    Notwithstanding the determination that RMPs are rules, BLM never submitted the RMP at issue in this case to Congress under the CRA's statutory review procedures.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, *Cascadia Wildlands v. Burgum et al.*, Civ. Case No. 6:26-cv-1262

SILVIX RESOURCES
4107 NE Couch Street
Portland, Oregon 97232

*The Northwestern and Coastal Oregon RMP (NW&CO RMP)*

55.    The NW&CO RMP covers approximately 1.3 million acres of BLM-administered lands in the Coos Bay District, Eugene District, Salem District, and the Swiftwater Field Office of the Roseburg District, all located in western Oregon.

56.    BLM approved the NW&CO RMP in August 2016.

57.    BLM has not submitted the NW&CO RMP to Congress for review under the CRA.

58.    The last legally valid RMP directing the management of the 1.3 million acres of BLM-administered lands in the Coos Bay District, Eugene District, Salem District, and the Swiftwater Field Office of the Roseburg District (i.e., the lands covered by the NW&CO RMP) was the Northwest Forest Plan, adopted by the BLM and the United States Forest Service in 1994, prior to the enactment of the CRA in 1996. The Forest Service still manages national forestlands in Oregon under the Northwest Forest Plan.

59.    The NW&CO RMP is a "rule" subject to the CRA.

60.    Because BLM has not submitted the NW&CO RMP to Congress as required under the CRA, the NW&CO RMP never took legal effect.

61.    Because the authorizing RMP never took effect, subsequent land management decisions – such as timber sales, contracts, and related development authorizations – are likewise without the force and effect of law.

*The Aloha Trout Forest Management Project*

62.    The BLM has authorized the harvest of approximately 2.2 billion board feet (Bbf) of timber since the agency adopted the NW&CO RMP in 2016.

63.    In particular, on March 3, 2026, the BLM authorized the Aloha Trout Forest Management Project on the Mary's Peak Field Office of the Salem District.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF, *Cascadia Wildlands v.
Burgum et al.*, Civ. Case No. 6:26-cv-1262

SILVIX RESOURCES
4107 NE Couch Street
Portland, Oregon 97232

64.     The Aloha Trout Forest Management Project proposes to harvest up to 75.5 million board feet (MMbf) of timber from up to 1,305 acres of forestland.

65.     BLM purports that the Aloha Trout Forest Management Project is authorized by the NW&CO RMP.

66.     The Aloha Trout Forest Management Project is not legally valid because the NW&CO RMP was not submitted to Congress for approval as required by the CRA, rendering the RMP *void ab initio*.

## CLAIM FOR RELIEF

**Violation of the Administrative Procedure Act:**
**Agency Action Not in Accordance with Law**

67.     Plaintiffs incorporate by reference all preceding paragraphs.

68.     The APA provides that a court "shall" "hold unlawful and set aside agency action" found to be "not in accordance with law." 5 U.S.C. § 706(2)(A).

69.     An agency action is reviewable under the APA if it is a final agency action. 5 U.S.C. § 704.

70.     An agency action is final if it "mark[s] the consummation of the agency's decisionmaking process" and is an action by which "rights or obligations have been determined, or from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997) (cleaned up).

71.     BLM's actions and authorizations adopted under the NW&CO RMP, including the Aloha Trout Forest Management Project, are each final agency actions reviewable under 5 U.S.C. § 704 because they determine timber sale purchasers' rights and obligations; produce legal consequences by authorizing or restricting rights to use of federal lands; and confer enforceable rights to use public resources.

11

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF, *Cascadia Wildlands v.
Burgum et al.*, Civ. Case No. 6:26-cv-1262

SILVIX RESOURCES
4107 NE Couch Street
Portland, Oregon 97232

72.    BLM may only award permits, leases, rights of way, and other authorizations "in accordance with" a valid land use plan. 43 U.S.C. § 1732(a).

73.    FLPMA's implementing regulations likewise provide that all "resource management authorizations and actions...shall conform to the approved [RMP]." 43 C.F.R. § 1610.5-3(a).

74.    Because RMPs are rules under the CRA, BLM was required to submit the NW&CO RMP to both houses of Congress and the GAO before the NW&CO RMP could "take effect." 5 U.S.C. § 801(a)(1)(A).

75.    BLM never submitted the NW&CO RMP to both houses of Congress.

76.    The NW&CO RMP therefore was not "in effect" when BLM issued each timber sale permit, lease, right of way, and other site-specific authorizations for the Aloha Trout Forest Management Project in western Oregon.

77.    BLM's actions and authorizations adopted under the NW&CO RMP, including the Aloha Trout Forest Management Project, do not comply with FLPMA and its implementing regulations because they are not in accordance with the 1994 Northwest Forest Plan, the only land management plan lawfully "in effect."

78.    Accordingly, BLM's issuance of each such permit, lease, right of way, and other site-specific authorization – including those pertaining to the Aloha Trout Forest Management Project – was not in accordance with law and must be declared unlawful and vacated under the APA. 5 U.S.C. § 706(2)(A).

79.    Plaintiffs are entitled to their reasonable fees, costs, and expenses associated with this litigation pursuant to the EAJA. 28 U.S.C. § 2412.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF, *Cascadia Wildlands v.
Burgum et al.*, Civ. Case No. 6:26-cv-1262

SILVIX RESOURCES
4107 NE Couch Street
Portland, Oregon 97232

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs requests that this Court:

   A. Declare unlawful and set aside the Aloha Trout Forest Management Project issued pursuant to the NW&CO RMP, 5 U.S.C. § 706(2);

   B. Declare that all permits, leases, rights of way, and other site-specific authorizations issued pursuant to the NW&CO RMP are null and void, and as a legal matter, were never issued;

   C. Postpone the effective date of all permits, leases, rights of way, and other site-specific authorizations issued pursuant to the NW&CO RMP, pursuant to 5 U.S.C. § 705;

   D. Declare unlawful, and preliminarily and permanently enjoin Defendants and all corporations, organizations, assigns, contractors, and persons acting in concert or participation with Defendants from taking any action pursuant to, or based on, any permits, leases, rights of way, and other site-specific authorizations that have been issued pursuant to the NW&CO RMP;

   E. Award Plaintiffs costs, attorneys' fees, and other disbursement for this action; and

   F. Grant any other relief as the Court may deem proper and just.

Dated: June 24, 2026.                    Respectfully submitted,

                                         Susan Jane M. Brown (OSB #054607)
                                         SILVIX RESOURCES
                                         4107 NE Couch Street
                                         Portland, OR  97232
                                         (503) 680-5513
                                         sjb@silvix.org

                                         *Attorney for Plaintiff*

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF, *Cascadia Wildlands v.
Burgum et al.*, Civ. Case No. 6:26-cv-1262

13

SILVIX RESOURCES
4107 NE Couch Street
Portland, Oregon 97232